THE PEOPLE *v.* ALFONSO.

APPEAL from the District Court of Humacao.

No. 141.—Decided December 1, 1908.

CRIMINAL LAW—EMBEZZLEMENT (FELONY)—EMBEZZLEMENT (MISDEMEANOR).— The crime of embezzlement, like the crime of larceny, may be either grand or petit, constituting a felony in the first case and a misdemeanor in the second, and the latter crime is included in the former.

ID.—VERDICT FINDING DEFENDANT GUILTY OF MISDEMEANOR—LESSER CRIME INCLUDED IN THE INFORMATION—INFORMATION CHARGING FELONY.—According to the foregoing doctrine a defendant charged with the crime of embezzlement (felony) may be found guilty by the jury of the crime of embezzlement (a misdemeanor).

ID.—TRIAL—CHANGE OF VERDICT FINDING DEFENDANT GUILTY OF A MISDEMEANOR. FOR ONE FINDING HIM GUILTY OF A FELONY.—It is error for a court to direct the jury to change its verdict finding the defendant guilty of embezzlement (a misdemeanor) for one finding him guilty of embezzlement (a felony), and such an error must be corrected by granting a new trial.

ID.—AMOUNT OF EMBEZZLEMENT—QUESTION OF FACT—CLASSIFICATION BY JURY.— The amount embezzled is purely a question of fact within the exclusive province of the jury to determine, and the jury only has authority to decide whether or not the crime, by reason of the amount embezzled, is a felony or a misdemeanor.

ID.—NEW TRIAL—VERDICT SUGGESTED BY ERRONEOUS INSTRUCTION.—In this case the verdict, not having been a spontaneous one but suggested by an erroneous instruction on a matter of law, and therefore contrary to law, a new trial must be ordered, in accordance with the provisions of subdivisions five and six of section 303 of the Code of Criminal Procedure.

The facts are stated in the opinion.

*Mr. Vias Ochoteco* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This cause originated in the District Court of Humacao upon an information properly drawn against Arturo Alfonso, for embezzlement, a felony, because while the agent of the Singer Sewing Machine Co., in Fajardo, on or about February 1, 1907, he unlawfully and fraudulently appropriated a sum exceeding $50, belonging to said company, which amount was in the custody of said defendant.

The latter was tried by a duly impanelled jury, which returned a verdict of guilty of embezzlement, a felony.

Before sentence was pronounced, a motion for a new trial was filed on the ground that the jury first found a verdict of guilty of embezzlement, a misdemeanor, which was withdrawn and changed for another of embezzlement, a felony, because the court called the attention of the foreman of the jury to the fact that only one of the two verdicts was possible, either guilty or not guilty of embezzlement, a felony.

These facts were established by two affidavits by two of the members of the jury and appear in the statement of facts duly approved by the trial judge.

The court denied the motion for a new trial and rendered judgment in due form on August 12, 1907, sentencing the defendant to imprisonment in the penitentiary at hard labor for three years, and to pay the costs.

An appeal was taken from both decisions on behalf of the defendant, which appeal is now awaiting determination by this Supreme Court.

Now then, the crime of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled. (Section 455 of the Penal Code.)

So that embezzlement, like larceny, sections 430 and 431, may be grand or petit, constituting in the former case a fel-

ony, and in the latter a misdemeanor, the corresponding
punishment varying consequently in each case.

.This being the case, it cannot be denied that petit embez-
zlement is a felony, which was charged in the information
in this case and then we find section 286 of the Code of Crim-
inal Procedure, which reads as follows:

"The jury may find the defendant guilty of any offense, the com-
mission of which is necessarily included in that with which he is
charged, or of any attempt to commit the offense."

And that the offense of embezzlement, a misdemeanor, is
necessarily included in the crime of embezzlement, a felony,
we have already observed; and clear questions may be con-
fused, if unnecessary reasons are insisted on and accumulated.

The amount of the embezzlement is merely a question of
fact and the evidence heard at the trial must surely have been
in regard to the facts, and as the jury is the only authority
which can weigh the evidence admitted in its various aspects,
it is evident that it alone can decide whether the embezzlement
was, on acount of the amount involved, a felony, or a misde-
meanor, and when it returned its verdict with the latter classi-
cation, it should have been   accepted as good and legal and
as the honest expression of its conscience, formed upon the
facts brought out before it.

We have already observed that the jury could do this
under the Statutes of Porto Rico above cited, and we also
refer in support of this affirmation to the case of *The People
of Porto Rico* v. *Manuel Llauger, ante* 534, in which the opin-
ion was delivered by Mr. Justice MacLeary. Then, among
other things pertinent and applicable to the case, it was said:

"The defendant was indicted for a felony, but it was such a felony
as included within it certain misdemeanors under the Statutes of
Porto Rico; and the jury after considering all the evidence and the
charge of the court, could find the defendant not guilty of the felony
but guilty of one of the misdemeanors, which are included therein, and

they are not deprived of their function by the facts proven which require them to do so.''

And it is further added:

''The fact that the statute laws of Porto Rico do not provide for juries in misdemeanor cases does not prevent the jury from finding the defendant guilty of a misdemeanor when the court has acquired jurisdiction of this case.

\* \* \* \* \* \* \*

''If it turns out in the proof that he is not guilty of a felony, but only of a misdemeanor, included in the felony charged against him, there is no reason why the court should relinquish its jurisdiction of the case, and send it to another court to be tried; for the law authorizes the trial to proceed and provides that the defendant may be found guilty of the minor offense or acquitted according to the evidence. (See secs. 284 and 286 of the Code of Civil Procedure.)

\* \* \* \* \* \* \*

''The jurisdiction of the court having once attacked the presentation of the information, and the jury having been properly and legally summoned and impanelled and sworn, the case must proceed to judgment.''

Upon applying these considerations to the case at bar, it must be conceded that the verdict finding the defendant guilty of a felony which served as a basis for the judgment appealed from, was not a spontaneous verdict, but one suggested on erroneous instruction of law, becoming thus also contrary to the law, and in such cases a new trial must be granted in accordance with the provisions of subdivisions five and six of section 303 of the Code of Criminal Procedure.

For all the reasons stated, we believe that the way of reestablishing the proper doctrine, is to set aside the judgment appealed from and to order a new trial.

*Reversed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.